IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 21-cv-01676-REB-MEH

CHERRY CREEK TOWNHOUSE CORP.,

    Plaintiff,

v.

CERTAIN UNDERWRITERS AT LLOYD'S OF LONDON,
ASPEN INSURANCE UK LTD., and
SCOTTSDALE INSURANCE CO.,

    Defendants.

---

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

**Michael E. Hegarty, United States Magistrate Judge.**

Before the Court is Plaintiff's Motion for Leave to File Amended Complaint (ECF 28) which is fully briefed. Oral argument would not materially assist in the Motion's adjudication. For the foregoing reasons, the Court recommends that the Motion be denied but without prejudice to refiling.

**I.**      **Background**

Plaintiff Cherry Creek Townhouse Corp. bought a master insurance policy from Defendant Lloyd's of London. ECF 1 at ¶¶ 11-12. Co-Defendants Aspen Insurance UK Ltd. and Scottsdale Ins. Co. are participating excess insurers. *Id*. at ¶¶ 13-14. In May 2019, Plaintiff submitted a claim against its policy for property damage caused by a hailstorm. The claim adjustment process continued through April 2021. *Id*. at ¶¶ 19-31.

On October 16, 2020, Plaintiff assigned to Claim and Construction Management Group, LLC ("CCMG") certain rights to recover from the insurance policy claim. The assignment contract

("Assignment") is found in the record at ECF 36-2. Plaintiff states that it had engaged CCMG's assistance "in the investigation and adjustment of the claim." ECF 28 at ¶ 3. The Assignment "authorized CCMG to represent [Plaintiff] in the management, completion and settlement of the claim, and further assigned CCMG the right to collect insurance proceeds directly from Defendants and to submit invoices, participate in litigation, etc." *Id*. Plaintiff adds to its proposed FAC the ways in which CCMG assisted in the claim adjustment process.

As of June 17, 2021, when Plaintiff commenced this civil action, Defendants still were refusing either to pay or appraise the claimed loss. ECF 1 at ¶¶ 32-34. In its Complaint, Plaintiff asserted five claims for relief. The First Claim for Relief alleges that Defendants had breached the policy contract by not reimbursing covered damages and by refusing to appraise the loss. The next two counts were for bad faith in the handling the property damage claim brought against Defendants under both common law (Second Claim for Relief) and Colo. Rev. Stat. §§ 10-3-1115, 1116 (Third Claim for Relief).  For its Fourth Claim of Relief, Plaintiff framed its grievance in terms of a request for a declaratory judgment of its contractual rights, and for its Fifth Claim for Relief,[1] Plaintiff sought to compel an appraisal.

Plaintiff made no mention of CCMG or the Assignment in its Complaint. Nor does Plaintiff expressly say that it informed Defendants of the assignment during the claim adjustment process. In its Answer, Defendant Scottsdale Ins. Co. raised as a defense that "Plaintiff may have assigned its claims and may not be a real party in interest." ECF 14 at 10, ¶ 16. For that reason, Plaintiff

---

[1] Plaintiff moves for summary judgment in its favor on its request for specific performance of the policy's appraisal provision. That motion, filed at ECF 25, has not been referred. Nor does it appear that Plaintiff's instant Motion for Leave to File Amended Complaint affects the merits of the summary judgment motion. In addition, regardless of whether Plaintiff is legally entitled to an appraisal, Defendants contend that only Plaintiff (and not CCMG) may ask for it. ECF 37 at 12.

finds it curious that "despite the apparent agreement between the parties as to the scope of the Assignment, this issue was first raised as a defense by Defendant Scottsdale Insurance Company." ECF 44 at 2. Plaintiff's statement still leaves unclear whether Scottsdale Ins. Co. or any other Defendant actually knew of the Assignment (or merely pleaded the defense as a possibility). In any event, as Plaintiff explains in its Reply, it seeks to add CCMG as a Co-Plaintiff to the Complaint "[t]o placate Defendants' concern, and assuage any doubt as to standing." ECF 44 at 2. In its Motion, Plaintiff also explains that "[s]ince its filing of the Complaint . . . , further circumstances have arisen which requires [it] to seek leave to file its Amended Complaint . . . to include CCMG as a Plaintiff to this action." ECF 28 at 2. What those reasons were, Plaintiff does not specify.

Plaintiff seeks leave under Fed.R.Civ.P. 15(a)(2) to add CCMG as a Co-Plaintiff. Plaintiff does not attach a copy of its proposed FAC (although Defendants Lloyd's of London and Aspen Insurance UK Ltd do attach it to their Response in opposition). Nor does Plaintiff submit the Assignment contract. Again, it is Defendants Lloyd's of London and Aspen Insurance UK Ltd who do as part of their Response. Despite those procedural shortcomings, the Court will consider the Motion on its merits.

Between them, the Defendants file two Responses in opposition to Plaintiff's Motion. However, because they adopt each other's arguments, the Court will refer to them collectively for purposes of the legal discussion.

## II.    Legal Standard

Fed. R. Civ. P. 15(a) governs Plaintiff's request to amend its Complaint. Fed. R. Civ. P. 15(a)(2) states that after the deadline for amending as a matter of course, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely

give leave when justice so requires." The grant or denial of an opportunity to amend is within the discretion of the Court, but outright refusal to grant leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules. *Maloney v. City of Pueblo*, 323 F.R.D. 358, 360 (D. Colo. 2018) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Id.* (quoting *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993)).

Prejudice in this context arises when the amendment unfairly affects the opposing party "'in terms of preparing their defense to the amendment.'" *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1208 (10th Cir. 2006) (quoting *Patton v. Gayer*, 443 F.2d 79, 86 (10th Cir. 1971)). Prejudice occurs most often "when the amended claims arise out of a subject matter different from what was set forth in the complaint and raise significant new factual issues." *Id.* Moreover, "[i]f a party opposes a motion to amend or to supplement on the grounds of futility, the court applies the same standard to its determination of the motion that governs a motion to dismiss under Fed. R. Civ. P. 12(b)(6)." *Conkleton v. Zavaras*, No. 08–cv–02612–WYD–MEH, 2010 WL 6089079, at *3 (D. Colo. Oct. 6, 2010), *rec. adopted by* 2011 WL 839282 (D. Colo. Mar. 7, 2011).

The stricter good cause standard of Fed.R.Civ.P. 16(b) does not apply. Plaintiff filed its motion on December 17, 2021, the presumptive amendment deadline that the Scheduling Order established (ECF 21 at 9).

### III. Discussion

Plaintiff offers little in support of the proposed amendment in its Motion, leaving the majority of its substantive arguments for its Reply instead. Overall, Plaintiff leaves unclear what

4

need there is for the change. Assuming that such need exists, the proposed FAC also leaves undifferentiated whether it is Plaintiff or CCMG who should be bringing each individual claim.

### A. Joining a Real Party in Interest

Plaintiff relies on Fed. R. Civ. P. 19(a)(1)(A)'s requirement for the joinder of all parties to enable the Court to provide complete relief. ECF 28 at ¶ 5. In its Reply, Plaintiff cites Fed. R. Civ. P. 17(a)(1) for the similar proposition that a lawsuit should be prosecuted by the real parties in interest. In addition to itself, CCMG—as its assignee—is a real party in interest in this lawsuit, Plaintiff maintains. Taken at face value, the Assignment transfers at least some rights to recover from the insurance policy. To that extent, CCMG has a legitimate interest in this lawsuit. Assuming that to be the case, it is unclear why they did not commence this lawsuit together from the very beginning. The Assignment predates the lawsuit by eight months.

Plaintiff attributes the need to add CCMG to the Defendants who had "raised a defense regarding standing." ECF 44 at 5. In other words, the primary reason for the amendment is to accommodate Defendants' concerns and to err on the side of caution. When viewed in this light—that the Motion is simply a reaction to Defendants' objections—it cannot be said that it was filed after undue or unjustifiable delay.

### B. Prejudice—Litigation Expense

Even though the Motion represents a timely request to join a necessary litigant, Defendants also complain that adding CCMG will cause them undue prejudice. They "have predicated their analyses, defense strategy, and litigation positions on [the presence of] a single plaintiff with unitary claims." ECF 36 at 4. While the amendment will add a new plaintiff, Defendants do not explain exactly how that change will increase the burdens of litigation to an unreasonable degree. Nor is it otherwise apparent what prejudice Defendants would incur given the nature of the change

5

and its limited impact on the litigation. CCMG will not be entering this lawsuit with any new claims. The claims will remain the same; the amendment just raises the possibility that it, rather than Plaintiff, may be the party who recovers under them. The amendment will not cause the factual record to expand unreasonably. The proposed FAC suggests that Defendants (or third party adjusters acting on their behalf) already have dealt with CCMG.

Defendants do not explain how adding CCMG as a plaintiff will increase the general cost and burden of litigation. In that sense, the Court finds no prejudice that would warrant denying leave to amend.

### C.     Prejudice—Clarification of the Real Party at Interest

There is one specific way in which the proposed FAC does place an unfair burden on Defendants. They object to how the FAC leaves it to them to determine whether Plaintiff or CCMG is the party with actual standing to bring each claim for relief. This stems from how the proposed FAC simply adds CCMG as a Co-Plaintiff to each claim (except the Fourth Claim for Relief) without any explanation of shared standing. However, the substantive legal argument that Defendant Scottsdale Ins. Co. provides in its Response suggests that the Assignment could affect who may bring each claim and how the standing of one may exclude the other.

Plaintiff does not address the legal ramifications of the Assignment on standing, either in its Motion or Reply. Instead, it regards the matter as an "unnecessary complication." ECF 44 at 2. Plaintiff contends that it suffices for present purposes at the pleading stage to name both it and CCMG. So long as the FAC names any potential real party in interest for each claim (whether it be Plaintiff, CCMG, or both), there is no need at this time to specifically delineate who has standing to assert them. That may be left for the jury instruction stage, Plaintiff asserts.

The issue is more than just one of avoiding a double recovery, another related objection that Defendants raise and a matter which Plaintiff assumes can be handled later. Plaintiff has introduced into the record the Assignment and thereby has raised the question of exactly who—it or CCMG—is the real party to bring the various claims. Assuming that the Assignment is valid and enforceable, Defendants argue that only Plaintiff or CCMG may bring the breach of contract claim. Citing *Sable Cove Condo. Ass'n v. Owners Ins*. Co., No. 14-cv-00912-MJW, 2014 WL 4398668, at * 3 (D. Colo. Sept. 5, 2014), Defendants further that they may not bring it both together. In its Reply, Plaintiff seemingly agrees, stating that the breach of contract claim is its responsibility to litigate although CCMG has the right to any recovery from it.

Defendants construe the Assignment as not transferring from Plaintiff to CCMG the right to sue for the bad faith handling of the policy claim. Citing *Dean v. Allstate Ins. Co*., 878 F. Supp. 1397, 1399 (D. Colo. 1993), they add that neither may CCMG, as a third party to the insurance contract, bring a common law-based bad-faith cause of action. The law is less conclusive about the assignability of a statutory bad faith claim. *Compare Hernandez v. Am. Standard Ins. Co*., No. 11-cv-03076-RBJ, 2013 WL 6633392, at *3-5 (D. Colo. Dec. 16, 2013) (holding that such an assignment is barred as a matter of law) *with Rooftop Restoration, Inc. v. Am. Fam. Mut. Ins. Co*., 418 P.3d 1173, 1176-77 (Colo. 2018) (construing the bad faith statute not to be a penalty statute, thereby calling the basis of the *Hernandez'* holding into doubt). If CCMG intends on bringing the statutory bad faith claim in its own name as a first-party claimant, then Plaintiff may not seek the same relief. *Sable Cove*, 2014 WL 4398668 at *4. Ultimately, Defendants' legal argument is moot because Plaintiff says the Assignment does not transfer the bad faith claims in the first place.

Defendants further that the Assignment does not transfer the specific performance count (the Fifth Claim for Relief) to CCMG. Plaintiff does not expressly say whether it agrees with that

7

construction of the Assignment or whether it intends for both it and CCMG to assert it. The Fourth Claim for Relief in the proposed FAC still is brought only by Plaintiff. It does not add CCMG as a Co-Plaintiff.

The Court agrees with Defendants that the proposed FAC is prejudicial to the extent it adds CCMG to four of the five claims for relief without any assertion of mutual standing to do so. Indeed, Plaintiff leaves open the possibility that it does not even intend for CCMG to actually litigate any of them as a Co-Plaintiff, but rather, the underlying purpose of joining CCMG is to clarify that party's right to the proceeds of the litigation. The more practical means to remedy the prejudice is to deny leave to proceed on the FAC as currently presented. Instead, Plaintiff should redraft the FAC in a way that reflects its understanding of which party is bringing which claim. From that starting point, Defendants then may test any standing defects through a motion to dismiss.

### D. Futility

Defendants raise an additional challenge to joining CCMG, one that goes beyond the uncertainty over who the real party of interest is or the double recovery concern. They challenge the very validity and enforceability of the Assignment itself, arguing that the policy that Defendant Scottsdale Ins. Co. issued does not permit assignments. The Scottsdale Policy, which is produced into the record at ECF 37-2, is outside the scope of the pleadings. Moreover, Plaintiff denies being a direct party to it and counters that only the Master Policy is relevant to this lawsuit. Thus, this Court does not take it into consideration for purposes of ruling on the instant Motion.

In addition, the Court declines to consider whether Plaintiff's appraisal demand, which is subject of the Fifth Claim for Relief, is legally barred as untimely. The parties are litigating that dispute as part of Plaintiff's Motion for Partial Summary Judgment.

**IV.     Conclusion**

Plaintiff should not be granted leave to litigate on the basis of its proposed FAC, at least in its current form. This is because of the uncertainty over which party—Plaintiff or CCMG—is the actual party in interest. The Court does not find the Motion untimely if Plaintiff does have a reasonable basis for adding CCMG as a Co-Plaintiff. However, the litigation is sufficiently developed to warrant a clearer pleading.

Accordingly, the Court respectfully RECOMMENDS[2] that Plaintiff's Motion for Leave to File Amended Complaint [filed December 17, 2021; ECF 28] be **denied**. However, it should be denied with leave to refile after clarifying standing with respect to each claim and attaching the newly proposed FAC to it for the Court's review.

Dated at Denver, Colorado, this 2nd day of March, 2022.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge

---

[2]Be advised that all parties shall have fourteen (14) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72. The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a *de novo* determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within fourteen (14) days after being served with a copy may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *In re Garcia*, 347 F. App'x 381, 382-83 (10th Cir. 2009).